```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
J & J SPORTS PRODUCTIONS, INC.,                  :
                                                 :
                    Plaintiff,                   :
                                                 :            **SUMMARY ORDER
             -against-                           :         ADOPTING REPORT AND
                                                 :           RECOMMENDATION**
CALVIN CLARK, individually and d/b/a Bedford Hall, :         18-cv-5110(DLI)(LB)
BEDFORD HILL, LLC, an unknown business entity    :
d/b/a Bedford Hall,                              :
                                                 :
                    Defendants.                  :
                                                 :
------------------------------------------------------------------ x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") brought this action against defendants Calvin Clark ("Clark") and Bedford Hill, LLC ("Bedford") (collectively, "Defendants") on September 10, 2018, pursuant to the Federal Communications Act of 1934 ("FCA"), as amended, 47 U.S.C. §§ 553, 605. Compl., Dkt. Entry No. 1. Defendants neither answered nor appeared in the case. The Clerk of Court entered a notation of default against Defendants on December 18, 2018. Clerk's Entry of Default, Dkt. Entry No. 7. On February 22, 2019, Plaintiff moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b). *See*, Pl.'s Mot. for Default J. ("Mot."), Dkt. Entry No. 9; Pl.'s Mem. of Law in Support ("Mem. of Law"), Dkt. Entry No. 9-1.

On February 25, 2019, this Court referred the motion for default judgment to the Honorable Lois Bloom, U.S. Magistrate Judge, for a Report and Recommendation ("R & R"). Magistrate Judge Bloom issued her R & R on March 22, 2019. *See generally*, R & R, Dkt. Entry No. 10. The magistrate judge recommended that Plaintiff's motion be denied. *Id*. Plaintiff timely objected to the R & R. *See*, Pl.'s Objs. to R & R ("Pl.'s Objs."), Dkt. Entry No. 12.

For the reasons set forth below, Plaintiff's objections are overruled, and the R & R is adopted in its entirety.

## DISCUSSION[1]

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which the party objects. *See*, Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); See *also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). However, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the

---

[1] The Court assumes the parties' familiarity with the facts as set forth in the R & R. *See*, R & R at 2-3.

2

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also*, 28 U.S.C. § 636(b)(1).

### A. Plaintiff Did Not Allege a Necessary Element Under FCA

Plaintiff objects to the magistrate judge's finding that Plaintiff failed to state a claim under sections 605 and 553 of the FCA because it did not sufficiently allege a radio or satellite transmission. *See*, Pl. Objs. at 3-4. Plaintiff argues that, "[i]n default situations, all reasonable inferences should be drawn in favor of the prevailing party," even in situations where there is no mention of the necessary element. *Id*. at 3 (citing to *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). While this may be true, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiff fails to offer any facts that warrant any reasonable inference that there was any transmission of satellite or radio communication of the televised event. *See*, *Au Bon Pain Corp.,* 653 F.2d at 65 ("a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action"). The Complaint merely asserts the claims in a boilerplate fashion without any supportive facts. *See generally*, Compl. It only alleges that Defendants "either through direct action or through actions of employees . . . did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program." Compl. ¶ 19. Thus, the Court agrees with the magistrate judge's recommendation, and Plaintiff's objection is overruled.

### B. Clark's Individual Liability Not Established

Plaintiff further argues that it "sufficiently state[d] a claim against Clark" in its Complaint, and objects to the magistrate judge's conclusion that individual liability has not been established. *See*, Pl.'s Objs at 5. Plaintiff "submits that there is a split of authority in the Eastern District on

3

the issue of individual liability," but argues that this Court should adopt the position of those courts that have found allegations similar to the ones in the instant action sufficient to establish individual liability. *Id*. The Court is not persuaded, and concurs with the findings of the magistrate judge set forth in the R & R.

As an initial matter, Plaintiff could have presented its arguments about individual liability in its original motion, but did not. *See generally,* Mem. of Law. Nowhere in its original Memorandum of Law does Plaintiff discuss individual liability. *Id.* In fact, there are no references to Clark as a defendant in the Memorandum of Law. "Courts ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837 at *1 (E.D.N.Y. Sept. 26, 2016) (internal quotation marks omitted). However, even under the stricter *de novo* review, Defendants' arguments fail.

Contributory infringement and vicarious liability "occur[] when a defendant authorize[s] the violations." *J & J Sports Prods., Inc. v. LX Food Grocery, Inc.*, No. 15-CV-6506, 2016 WL 6905946 at *2 (E.D.N.Y. Nov. 23, 2016) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997)). Here, the Complaint simply states that Clark is "an individual specifically identified as the Principal and Owner of Bedford Hill, LLC" on the New York State Liquor Authority License. Compl. ¶¶ 7-8. In a cursory fashion, Plaintiff adds that Clark had the "right and ability to supervise the activities" in question, and that he "had an obvious and direct financial interest in . . . the unlawful interception of Plaintiff's Program. Compl. ¶¶ 9-12. However, as the magistrate judge correctly explained, "a 'formulaic recitation of the elements of a cause of action' is insufficient to establish an individual defendant's liability.'" R & R at 10, quoting *Ashcroft*, 556 U.S. at 678. Plaintiff doe not allege any facts in support of its assertions

4

about Clark, and even concedes that it does not identify any specific actions taken by Clark to broadcast copyrighted materials or to gain any profit from it. *See*, Pl.'s Objs. at 7 (acknowledging that it does not describe in intimate detail how Clark is liable); *See also*, Compl. As Plaintiff has failed to provide any factual matter in support of its assertions, Plaintiff's objection is overruled.

**CONCLUSION**

Upon due consideration and review, for the reasons set forth above, the recommendations contained in the R&R issued by the Hon. Lois Bloom, U.S.M.J., on March 22, 2019 are adopted in their entirety. Accordingly, Plaintiff's motion for default judgment is denied, and, as the Complaint fails to state a claim, this action is dismissed, with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2019

/s/
DORA L. IRIZARRY
Chief Judge